IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In Re: | * |
| **CHARLES L. GREEN** | *   Case No. **13-mc-145** |
| Respondent | *   (**DISCIPLINARY**) |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONSE TO SHOW CAUSE ORDER

**NOW COMES** Charles L. Green, to file this Response in the above-captioned case, and in support states:

1. That on April 4th 2013, Counsel consented to an indefinite suspension to take effect on June 1, 2013.

2. That the basis for the suspension was due to several overdrafts that occurred in Counsel's escrow account, Counsel's delay in making a refund to a client, and his delay in responding to the underlying allegations.

3. That Counsel consented to the suspension because he recognized his errors, understood that they occurred out of his inexperience, and viewed the disposition as one that could lead to learning and of understanding of the rules and professional responsibility guidelines.

4. That Counsel harbored no intent to misappropriate client funds or deceive clients as evidenced in Paragraph 7, of the Joint Petition for Indefinite Suspension by Consent, filed by the Attorney Grievance Commission of Maryland. In relevant parts it so states, that"… as it concerns Respondent's ATA violations, no evidence exists to demonstrate that client funds were ever at risk or misappropriated, nor are Respondent's ATA violations the result of any intentionally dishonest conduct."

5. That provided Counsel complies with Maryland Rule 16-760, the Attorney Grievance

Commission of Maryland has indicated that it would not object to Counsel's immediate reinstatement to the Maryland Bar upon the filing of his petition.

6. That Counsel has complied with all provisions Maryland Rule 16-760, by taking the following steps:

   a. Obtained and reviewed the course "Essential Escrow Account Management Skills for Lawyers," offered and approved by the Maryland State Bar Association.

   b. Obtained escrow account software through the Easy Soft, Software Corporation, which will allow Counsel to create and maintain automated records that will comply with the Maryland Rules.

   c. Removed Westlaw, ING and Paypal's access to Counsel's escrow account, which caused the underlying overdrafts.

   d. Established an account with a MSBA approved credit card payment processing company that will allow Counsel to isolate and document earned and unearned fees.

   e. Hired an experienced Certified Public Accountant to provide oversight, bookkeeping and reconciliation services.

   f. Committed to providing 10 hours of free legal services within a 6 month period to various non-profit organizations in Maryland to benefit indigent clients.

   g. Obtaining a MSBA approved attorney mentor within 30 days of this Response.

**WHEREFORE,** Respondent humbly requests that this Honorable Court, after considering the nature and basis of the allegations that led to Counsel's suspension, his

immediate acceptance of responsibility for his errors, his lack of dishonest intent and client harm, and his immediate response to remedy the deficiencies that existed in his practice, would:

1. Deem the remedial measures taken as appropriate and take no further action against Counsel, or in the alternative;

2. Suspend Counsel from accepting new clients for the duration of his state suspension, with leave to practice and maintain his existing client caseload that has either been filed or contracted to be filed within the next 30 days.

3. Any other terms and conditions that this Honorable Court deems appropriate.

Respectfully submitted,

__/s/ Charles L. Green_____
Charles L. Green
3004 Tioga Parkway
Baltimore, Md. 21224
410-292-9448